IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RAYMOND MATA,<br><br>           Petitioner,<br><br>v.<br><br>TODD WASMER,<br><br>           Respondent. | 8:20CV487<br><br>**ORDER UPON<br>INITIAL REVIEW** |

      This matter is before the Court for initial review of petitioner Raymond Mata's ("Mata") Petition for a Writ of Habeas Corpus ("petition") under 28 U.S.C. § 2254 (Filing No. 1). Under § 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct an initial review of the petition and summarily dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." If the Court does not dismiss the petition, it "must order the respondent[1] to file an answer, motion, or other response within a fixed time, or to take other action the [Court] may order."

      On March 17, 1999, Mata was charged with (1) premeditation, (2) felony murder, and (3) kidnapping of Adam Gomez in Scotts Bluff County, Nebraska. The trial judge ordered a change of venue to Keith County due to pretrial publicity, and on January 13,

---

[1] In his petition, Mata names both Todd Wasmer and Douglas J. Peterson as respondents. Under Rule 2 of the Rules Governing § 2254 Cases, "the petition must name as respondent the state officer who has custody." Warden Todd Wasmer is the "state officer who has custody" over Mata and the proper respondent. The Court has re-designated Douglas J. Peterson, the Nebraska Attorney General, as an interested party.

2000, a Keith County jury found Mata guilty of all three charges. Mata was eventually sentenced to death on May 13, 2005.

Mata unsuccessfully sought appellate and post-conviction relief. The United States Supreme Court denied his petition for a writ of certiorari in his direct appeal on October 6, 2008. Mata filed his petition for post-conviction relief in state court on July 2, 2009, and the Nebraska Supreme Court issued its final mandate denying post-conviction relief on August 19, 2020. On November 18, 2020, Mata filed a § 2254 Petition for Writ of Habeas Corpus (Filing No. 1) in this Court. Upon initial review of Mata's petition, the Court provisionally finds that summary dismissal is not required in this case.

With his petition, Mata simultaneously filed a Motion for a Stay of Federal Habeas Proceedings, Equitable Tolling, and Leave to File an Amended Petition (Filing No. 4). Given the unique circumstances in this case, the Court finds it would be beneficial to have the respondents respond to Mata's pending motion before the Court decides whether to order any further response to Mata's petition. Accordingly,

IT IS ORDERED:
1. The Clerk of Court shall send copies of this order and the petition to the respondent and the Nebraska Attorney General.
2. On or before December 17, 2020, the respondent shall file a response to Mata's Motion for a Stay of Federal Habeas Proceedings, Equitable Tolling, and Leave to File an Amended Petition (Filing No. 4).
3. Mata shall file any reply within seven days after service of the respondent's brief.

Dated this 3rd day of December 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge